IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. H-08-2359 |
| | } | |
| CITY OF HOUSTON, | } | |
| | } | |
| Defendant. | } | |

**OPINION & ORDER**

Pending before the Court in this employment discrimination case is Defendant City of Houston's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 7). Plaintiff Joseph Chhim ("Chhim"), proceeding *pro se*, has not filed a response. This may be because he has no response, or it may be because, given the problems surrounding service of the motion on him, he has not had the opportunity to compose one and file it. *See* Docs. 8, 9, 10.

A brief recitation of the facts of the case are in order. Chhim filed an employment discrimination complaint against the City of Houston ("City") on July 28, 2008, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. (Doc. 1). Attached to the complaint is a copy of the charges filed on October 23, 2007, with the Equal Employment Opportunity Commission (the "EEOC"). Also attached is the notice of right to sue issued by the EEOC on April 29, 2008. The City has moved to dismiss Chhim's complaint for failure to exhaust administrative remedies, arguing that Chhim was required to obtain a right-to-sue letter from the U.S. Attorney General and the Department of Justice rather than the EEOC. The City also claims that the EEOC notified the City and Chhim on July 28, 2008, that the dismissal of rights had been revoked and the investigation of the charge would continue. Thus,

1

the City argues, Chhim could not have exhausted his administrative remedies because he filed his suit on July 30, 2008.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In the context of a *pro se* plaintiff, the court must liberally construe a *pro se* complaint "with all well-pleaded allegations taken as true." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

It is true that the statutory language of Title VII and binding Fifth Circuit precedent require a Title VII employee to exhaust his administrative remedies against a governmental entity by receiving a right-to-sue letter from the U.S. Attorney General and the

Department of Justice.  *See* 42 U.S.C. § 2000e-5(f)(1)[1]; *Hendrix v. Memorial Hosp. of Galveston County*, 776 F.2d 1255, 1256-57 (5th Cir. 1985); *see also Johnson v. City of Houston*, Civil Action No. H-07-4516, 2008 WL 2622924, at *1 (S.D. Tex. June 30, 2008); *Zamora v. City of Houston*, Civil Action No. 4:07-CV-4510, 2008 WL 3852416, at *4-*6 (S.D. Tex. Aug. 15, 2008).  Exhaustion of administrative remedies is not a jurisdictional prerequisite under Title VII, *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983).  Nevertheless, the Fifth Circuit, instead of acquiescing in the Federal Regulation, 29 CFR Sec.1601.28(d) (1987) in which the Department of Justice ceded its authority to issue Right to Sue letters when the EEOC has dismissed the charge and issued the letter, requires the plaintiff to seek a right to sue letter from the Department of Justice.  This despite the fact that the Department of Justice has consistently refused to issue a right to sue letter under those circumstances:

> By regulation promulgated in 1980, the EEOC undertook to follow *Shea v. City of St. Paul*, 601 F.2d 345 (8th Cir. 1979) and issue notices of right to sue along with dismissals of charges against governmental entities.  See 45 FR 48614m 73035 and 29 C.F.R. Section 1601.28(d).
>
> The notice of right to sue issued by the EEOC, when it dismissed this charge on August 30, 2007, was properly issued in accordance with the above-referenced regulation.  It is our position that, in

---

[1]  The statute states, in relevant part, as follows:

> If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], or if within one hundred and eighty days from the filing of such charge  . . . the [EEOC] has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision . . . the [EEOC], *or the Attorney General in a case involving a government, governmental agency, or political subdivision*, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* . . .

42 U.S.C. § 2000e-5(f)(1) (emphasis added).  The regulations, on the other hand, clearly permit the EEOC to issue a right-to-sue letter "[i]n all cases where the respondent is a government, governmental agency, or a political subdivision . . . where there has been a dismissal of charge."  29 C.F.R. § 1601.28(d).

>   light of the regulation, it would be improper for the Department of Justice to issue a notice-of-right-to-sue on this charge and we decline to do so.

*Johnson v. City of Houston*, No. H-07-4516, 2008 WL 262294, at *2  (S.D. Tex. June 30, 2008)

A similar response from the Department of Justice was sent to the plaintiff in *Solomon v. Hardison*, 746 F2d 699, 702 (5th Cir. 1984).  With such a response from the Department of Justice, district courts in the Fifth Circuit are allowed to waive the requirement of a Right to Sue letter from the Department of Justice.

In the instant case, however, giving the Plaintiff the opportunity to seek the requisite notice of right to sue from the U.S. Attorney General and the Department of Justice, *See Zamora*, 2008 WL 3852416, at *9, would not solve the issue because the City argues further that on July 28, 2008, two days before Chhim filed suit, in a written notice to the City and to Chhim, the EEOC revoked Chhim's dismissal of rights in order to continue the investigation of his claim.

This issue has been raised by the City in a Rule 12(b)(6) motion.  Even if the City had provided a copy of the revocation, the Court would be required to move beyond the pleadings to resolve the dispute, which would be improper in a 12(b)(6) motion.  The Court will, however, treat the 12(b)(6) motion as one for summary judgment, pursuant to Rule 12(d),  if an authenticated document is provided, and plaintiff is given sufficient time to respond..

Accordingly, for these reasons, it is hereby

ORDERED that the City of Houston's motion to dismiss (Doc. 7) is DENIED without prejudice.

4

5

SIGNED at Houston, Texas, this 9th day of October, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5